### BURDICK v. SEABOARD AIR LINE RAILROAD CO.

Circuit Court, Duval County.

June 27, 1957.

Bedell & Bedell, Jacksonville, for plaintiff.

Scott & Cox, Jacksonville, for defendant Seaboard Air Line R.R. Co.

Marks, Gray, Yates & Conroy, Jacksonville, for J. C. Harper.

EDWIN L. JONES, Circuit Judge.

Plaintiff filed the following —

## COMPLAINT

The plaintiff, Laura Frances Burdick, as Administratrix of the estate of George S. Burdick, deceased, sues the defendant, Seaboard Air Line Railroad Company, a corporation, and alleges:

1. This action arises under the Federal Employers' Liability Act, Sections 51-60, Title 45, U.S. Code. The amount in controversy, exclusive of interest and costs, exceeds the sum of three thousand dollars.

2. The plaintiff is administratrix of the estate of George S. Burdick, deceased, by virtue of letters of administration granted to her by the County Judge of Duval County, Florida.

3. The defendant, Seaboard Air Line Railroad Company, is a corporation incorporated under the laws of the State of Virginia and is a common carrier by railroad engaged in commerce between the State of Florida and other states and maintains an office for the transaction of its customary business in Duval County, Florida.

4. At all times hereinafter mentioned, the decedent, George S. Burdick, was employed by the defendant railroad company as a brakeman and the said George S. Burdick and the defendant, Seaboard Air Line Railroad Company, were engaged in the furtherance of interstate commerce.

5. On November 3, 1956, at or about 2:25 A.M., the decedent, in the performance of his duties as a brakeman was standing on top of a railroad car which was then and there being moved in a southerly direction over a railroad track at the United States Naval Air Station, Cecil Field, Florida, at or near the place where said track crosses 6th Street.

6. Several months prior to that date, an electric wire had been suspended across said track at such a height that the wire would not clear a man standing on top of a car. The defendant knew or in the exercise of reasonable care should have known of the presence of the wire and the hazard to its employees created thereby yet the defendant carelessly and negligently required its train crews to operate trains over said track.

7. At said time and place, the decedent was struck by the wire causing him to be knocked from the top of the car upon which he was riding, and as a result the decedent was killed.

8. The death of the decedent resulted in whole or in part from the negligence of the defendant railroad company, in failing in its duty to furnish the decedent a reasonably safe place to work and in requiring the decedent to perform his work in an unsafe and dangerous place.

9. The decedent, George S. Burdick, left surviving him his widow, Laura Frances Burdick, and four children: Wynelle Burdick, age 21; Robert Benjamin Burdick, age 20; Judith Mae Burdick, age 18; and

George Stephen Burdick, aged 5. The said Laura Frances Burdick and George Stephen Burdick have suffered pecuniary losses by reason of the death of the decedent.

WHEREFORE, plaintiff demands judgment against the defendant.

*Demand for Jury Trial*

Plaintiff demands trial by jury.

> Bedell & Bedell
> By *Nathan Bedell*
> 1221 Florida Title Building
> Jacksonville, Florida
> Attorneys for Plaintiff.

## Defendant Seaboard Air Line Railroad Co. filed the following—

### CROSS COMPLAINT

1. The plaintiff Laura Frances Burdick, as Administratrix of the Estate of George S. Burdick, deceased, has filed against the defendant Seaboard Air Line Railroad Company, a corporation, a complaint, a copy of which is attached hereto and made a part hereof and marked Exhibit "A".

2. The defendant and cross-claimant, Seaboard Air Line Railroad Company in its capacity as a common carrier by railroad, operates trains over a railroad track at the United States Naval Air Station, Cecil Field, Duval County, Florida.

3. On November 3, 1956, at or about 2:25 o'clock A.M., the said cross-claimant operated an engine and railroad cars over said railroad track in a southerly direction at or near the place where said track crosses 6th Street.

4. Plaintiff's decedent, George S. Burdick, was at all times mentioned herein, employed by cross-claimant as a brakeman on its railroad cars.

5. Several months prior to the date aforesaid, the third party defendant, J. C. Harper, trading and doing business as Harper Construction Company, in furtherance of his business as a contractor, suspended an electric wire across said track at such a height that the wire would not clear a man standing on top of a railroad car. The third party defendant knew, or in the exercise of reasonable care should have known that the presence of the wire created a hazard to the employees of the cross-claimant, yet the third party defendant carelessly and negligently installed said wire and allowed the same to remain in such place.

6. The decedent, George S. Burdick, at the time and place aforesaid, was knocked from the top of a railroad car on which he was riding by said wire and as a result, the decedent was killed.

7. The primary, direct and proximate cause of said death was the said carelessness and negligence of J. C. Harper, t/d/b/a Harper Construction Company.

8. Said carelessness and negligence of the third party defendant was a violation of a duty said third party defendant owed said defendant and cross-claimant.

9. In the event the plaintiff herein recovers judgment in this action against this defendant and cross-claimant, said third party defendant will be liable to cross-claimant for the amount thereof.

WHEREFORE, defendant and cross-claimant demands judgment against the third party defendant in the amount of judgment, if any, rendered against defendant and cross-claimant in favor of the plaintiff.

> Scott & Cox
> *Charles R. Scott*
> Attorneys for Defendant and
> Cross-Claimant
> 1725 Barnett Bank Building
> Jacksonville 2, Florida

This cause came on to be heard upon the motion of the defendant J. C. Harper, trading and doing business as Harper Construction Company, to dismiss the cross-complaint heretofore filed by the defendant Seaboard Air Line Railroad Co. on March 20, 1957.

The court having heard argument of counsel for the parties, from said arguments and briefs of law submitted by the parties, is of the opinion that the cross-complaint should be dismissed because there does not exist any rule of law, statute or rule of civil procedure which would authorize the Seaboard Air Line Railroad Co. to properly and legally make the defendant J. C. Harper a party defendant.

The defendant railroad company, having moved the court orally to enter an amended order herein, it is, therefore, upon consideration, ordered and adjudged that the motion of the defendant J. C. Harper to dismiss the cross-complaint as filed herein by the defendant and cross-claimant, Seaboard Air Line Railroad Co., be, and the same is, hereby granted, and the defendant, J. C. Harper, be, and he is, hereby dismissed from this cause, without prejudice to the defendant Seaboard Air Line Railroad Co. to pursue a separate action against the defendant J. C. Harper, as it may be advised.